**Anne M. GALLAGHER, Appellant,**

v.

**Ralph BALASCO, Appellee.**

**No. 01–89–00583–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 22, 1990.

Rehearing Denied May 31, 1990.

William S. Rhea, Houston, for appellant.

Ron Ramey, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and MIRABAL, JJ.

EVANS, Chief Justice.

This is an appeal from a post-answer default judgment.

Appellee sued appellant for legal fees allegedly owed for his representation of appellant in her suit for divorce. Appellant filed an answer in the case, and about two years later, the case was set for trial the week of February 20, 1989. Although duly notified of the trial setting, neither appellant nor her counsel appeared at the call of the court's docket on Monday, February 20, 1989. The court recessed the trial of the case until February 22, 1989, at which time the court, after considering the pleadings and hearing the evidence, entered a post-answer default judgment in favor of appellee for the sum of $14,775.24, plus attorney's fees.

In one point of error, appellant contends the trial court erred in rendering judgment against her when her counsel was engaged in trial in another county.

Appellant does not contend that she and her counsel lacked notice of the trial setting. Indeed, she asserts that her counsel knew of the conflict on February 17, 1989, several days before this case was called for trial. She argues that her counsel, by notifying the court clerk of this conflict, effectively complied with applicable local rules of court procedure, and that it then became "incumbent upon the trial court to either put the case on hold or reset the case for trial at a later date." She contends the court's actions violated the court's own rules and constitute an abuse of discretion.

In support of these contentions, appellant makes reference to a "Rule 11 of the Rules of the Judicial District Courts of Harris County, Family Trial Division." This rule, she contends, requires a counsel, who is engaged in the trial of one case and on the trial docket in a second case, to keep the second court advised of the progress of the case actually in trial. She also refers to a "Rule 4 of the Rules of Procedure of the Second Administrative Judicial District," which, she states, requires the court docket clerk or judge, upon being notified that an attorney is already in trial, "to determine the designation of the court and county of an attorney's conflicting trial." Rule 4, she asserts, provides that when such notice is given, the judge or opposing counsel "may" then request verification of the conflict by contacting the court in which counsel is engaged in trial. She argues that the word "may," as used in Rule 4, is mandatory, so that when a court learns of a conflict in settings, it has no alternative except to put the second called case on hold or reset it.

■ An appellate court may, in the exercise of its discretion, take judicial notice of local court rules relating to the setting of cases for trial and the giving of notice of trial settings before entering default judgments. *Investors Diversified Serv., Inc. v. Bruner,* 366 S.W.2d 810, 815 (Tex.Civ.App.—Houston [1st Dist.] 1963, writ ref'd n.r.e.). It is the burden of the party relying on such local rules, however, to provide the appellate court with competent proof of their content. *See Stoner v. Thompson,* 570 S.W.2d 511, 515 (Tex.Civ.App.—Waco 1978), *aff'd in part, reformed in part,* 578 S.W.2d 679 (Tex.1979). In this case, appellant has not given the court competent proof of the content of the local rules to which she refers in her brief, and we decline to accept her general conclusions about their content and meaning. *See McRae v. Guinn Flying Serv.,* 778 S.W.2d

189, 191 (Tex.App.—Houston [1st Dist.] 1989, no writ).

■ Appellant's sole point of error and her argument thereunder relate only to her contentions that the court violated local rules of procedure in proceeding to trial and judgment when her counsel was engaged in trial in another county. Therefore, we do not address the validity of the court orders overruling appellant's original motion for new trial and striking appellant's amended motion for new trial. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209 (1990); *Gulf Coast Bank v. Emenhiser*, 562 S.W.2d 449, 452 (Tex. 1978). We note that appellant has not presented this Court with a statement of facts, and in the absence thereof, we would be required to presume the evidence supports the trial court's order. *See Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955); *Alexander v. Barlow,* 671 S.W.2d 531, 535 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Moreover, because appellee has challenged the factual statements asserted in appellant's brief and in her counsel's affidavit, this Court cannot accept those assertions as established facts.

The judgment of the trial court is affirmed.