possession could not begin until sometime after 1953.

Although the record and findings of fact indicate that, from sometime after 1953, the defendants held the land exclusively, used it for cultivation, and paid the taxes on it, these facts alone do not suffice to give notice of adverse possession by a cotenant. *Horrocks v. Horrocks*, 608 S.W.2d 733, 736 (Tex.Civ.App.—Dallas 1980, no writ). The defendants' claim to the property was not "so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others," that the law will raise the inference of notice to the plaintiffs, the cotenants out of possession. We sustain plaintiffs' point of error number three.

4. Adverse possession by payment of taxes

In point of error four, plaintiffs argue the trial court erred in finding that the defendants met their burden of proof on the affirmative defense of the statutes of limitations based on payment of taxes. Paying taxes is relevant only under the five-year statute of limitations. TEX.CIV. PRAC. & REM.CODE ANN. § 16.025. Because we have sustained the other points of error, we do not need to reach this one.

Gerald E. Bourque, Houston, for relator/appellant.

Ivy V. Ricketts and Van E. Wittner, Houston.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

PER CURIAM.

On May 3, 1991, relator filed his motion for leave to file his petition for writ of mandamus in this Court pursuant to section 22.221 TEX.GOV'T CODE ANN. (Vernon 1989).

A hearing for temporary orders on the divorce suit by the real party in interest was set for April 16, 1991. The attorney for the respondent in that suit was involved in a pre-trial hearing in a criminal case in federal district court in Beaumont. A motion for continuance was granted by Judge Daggett until the following morning. The hearing in federal court was still in progress the following morning, and the federal district judge telephoned Judge Daggett to so inform him. Judge Daggett

**Leonard Charles DANCY, Sr., Relator,**

v.

**The Honorable Allen J. DAGGETT, Judge 310th, District Court Harris County, Texas, Respondent.**

**No. C14–91–00411–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 6, 1991.

still refused to continue the hearing for temporary orders, and proceeded to conduct the hearing and entered the temporary orders, all in the absence of relator's counsel. Relator then filed a motion for rehearing which Judge Daggett denied because relator's allegations were "not true" even though all matters of fact were supported by affidavit.

Relator asks that we void the temporary orders and order Judge Daggett to conduct another hearing.

While we strongly disapprove of the trial court's actions, we are limited in remedying such actions by mandamus. The rules provide a trial judge with the discretionary tools to facilitate the litigation of lawsuits, and to a certain extent, to prevent abuse of the legal process. This discretion is therefore appropriately broad. *Waguespack v. Halipoto*, 633 S.W.2d 628 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd).

We do not have the discretion to find that the trial judge abused his discretion. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56 (1991). Docket control is exclusively within the province of the trial court, and we cannot usurp that function through an extraordinary mandamus proceeding.

Motion for leave to file relator's petition for writ of mandamus is denied.

Sears, J., not participating.

**COMMODORE COUNTY MUTUAL INSURANCE COMPANY,**
Appellant,

v.

**Martha TKACIK, Appellee.**

No. 07–89–0284–CV.

Court of Appeals of Texas,
Amarillo.

May 8, 1991.

Rehearing Overruled June 5, 1991.

Rubinstein & Perry, June E. Higgins, Randolph N. Wisener, Dallas, for appellant.

C.R. Daffern, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

## ON MOTION FOR REHEARING

POFF, Justice.

Upon consideration of Tkacik's motion for rehearing, we submit the following only for the purpose of clarification of our earli-