Thomas R. SEIGLE and Wife, Lorraine Seigle, Appellants,

v.

Peter R. HOLLECH and Claudia Hollech, Appellees.

No. A14–94–00097–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 29, 1994.

Ralph Shepherd, Tomball, for appellants.

Carson S. Trapnell, Terriann Trostle, Houston, for appellees.

Before J. CURTIS BROWN, C.J., and MURPHY and ELLIS, JJ.

## MAJORITY OPINION

J. CURTIS BROWN, Chief Justice.

Thomas and Lorraine Seigle appeal from a dismissal for want of prosecution. Appel- lants bring three points of error. We re- verse the judgment.

According to the trial court docket sheet, this case was filed on July 18, 1991. Appel- lants' suit alleged property damage, loss of use and enjoyment, and mental anguish as a result of actions by appellees in elevating their property and impeding the natural run- off of rainwater from appellants' property. The case was called to trial on October 4, 1993 and was dismissed on that same date, on appellees' oral motion, for appellants' fail- ure to appear for trial. Appellants filed a motion to reinstate and, after a hearing, the trial court denied this motion.

In points of error one and two, appel- lants contend the trial court abused its dis- cretion in dismissing this case for want of prosecution and in denying appellants' mo- tion to reinstate because appellants' attorney had a trial conflict and the local rules provide a method of determining case priority where a conflict exists. Appellants contend local rules provide for a judge to put a case on hold or to reset the case if one of the attor- neys for the parties advises the judge that he is assigned to another trial. Appellants, however, have not provided us with a copy of the local rules. Without a certified copy of the local rules in the record, we refuse to take judicial notice of them. *See Gallagher v. Balasco,* 789 S.W.2d 618, 619 (Tex.App.— Houston [1st Dist.] 1990, writ denied). Al- though the supreme court held in *State v. Rotello,* 671 S.W.2d 507 (Tex.1984) that an appellate court may take judicial notice of local rules, *Rotello* was decided before ap- proval of local rules by the supreme court was required. *Id.* at 508. On April 1, 1984, TEX.R.CIV.P. 3a became effective and re- quired supreme court approval of local rules. TEX.R.CIV.P. 3a; *Rotello,* 671 S.W.2d at 508, n. 1. Furthermore, under TEX.R.CIV.EVID. 201, a court is required to take judicial notice only if a party requests it and the party supplies the court with the necessary infor- mation. TEX.R.CIV.EVID. 201(d). Because appellants have not provided us a copy, certi- fied or otherwise, of the local rules, we apply case law and the Texas rules of procedure in addressing this point of error.

■ The standard of review of a dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Ellmossallamy v. Huntsman,* 830 S.W.2d 299, 300 (Tex.App.—Houston [14th Dist.] 1992, no writ). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles. *Id.* Rule 165a provides that a case may be dismissed for want of prosecution on the failure of any party seeking affirmative relief to appear for trial. TEX.R.CIV.P. 165a. *See also Cabrera v. Cedarapids Inc.,* 834 S.W.2d 615, 618 (Tex.App.—Houston [14th Dist.] 1992), *writ denied,* 847 S.W.2d 247 (Tex. 1993). Rule 165a should be liberally construed. *Mayad v. Rizk,* 554 S.W.2d 835, 838 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Under this rule, a trial court should reinstate a case if the party provides a reasonable excuse for the failure to appear. TEX.R.CIV.P. 165a(3). "Some excuse, not necessarily a good one, is sufficient." *Mayad,* 554 S.W.2d at 838.

■ The standard for review of a trial court's refusal to reinstate is also whether the trial court abused its discretion. *Brown v. Howeth Inv., Inc.,* 820 S.W.2d 900, 903 (Tex.App.—Houston [1st Dist.] 1991, no writ). We must determine whether the trial court properly applied the standard from Rule 165a(3): whether the failure to prosecute the suit was intentional or the result of conscious indifference, or whether it was due to an accident or mistake or was otherwise reasonably explained. *Id.*

■ This case was called to trial in the 133rd District Court before Judge Casseb on August 11, 1993. After motions in limine were heard, the trial was continued to September 23, 1993. On September 22, 1993, Judge Casseb continued the trial until October 4, 1993. Appellants admit that they agreed to this date "subject to any conflict of scheduling." Judge Casseb, however, made it clear that a motion for continuance had to be filed if a problem arose.

Appellants contend that on October 4, 1993, their counsel was involved in a criminal trial in the 263rd District Court before Judge Guerrero. Appellants' counsel had agreed to a trial setting in that court on August 18, 1993 and the case was set for trial on October 4, 1993. The criminal trial actually began, however, on October 1, 1993.

The trial coordinator for the 133rd District Court, Ms. DeJean, had called to remind appellants' counsel of the trial setting on October 4, 1993 and counsel advised her of his criminal trial conflict. Appellants' counsel thereafter sent a letter to Judge Casseb in the 133rd District court regarding the "preferential" criminal trial setting. Upon receiving this letter, Ms. DeJean called the court coordinator for the 263rd District Court, who said that the criminal case was on the trial docket, but was not preferentially set. Judge Guerrero also stated that the criminal case was not preferentially set. Ms. DeJean again called appellants' counsel and told him that he was expected to appear for trial. Appellants and their counsel failed to appear on October 4, 1993. The court granted appellees' oral motion to dismiss and entered an order dismissing the case with prejudice. The trial court overruled appellants' motion to reinstate the case.

In support of their argument that a scheduling conflict is a reasonable explanation for the failure to appear, appellants cite *Dancy v. Daggett,* 809 S.W.2d 629 (Tex.App.—Houston [14th Dist.] 1991) (orig. proceeding). In that case, a panel of our court denied leave to file mandamus, stating we did not have the power to find an abuse of discretion by the trial court. *Id.* at 630. The supreme court disagreed, however, and conditionally granted the writ. *Dancy v. Daggett,* 815 S.W.2d 548 (Tex.1991) (orig. proceeding). In that case, Judge Daggett was aware of a scheduling conflict and granted a motion for continuance until the following morning. *Id.* at 549. Although the judge in the other court called to advise that the conflict would continue, Judge Daggett refused to continue the hearing and entered temporary orders in the divorce suit. *Id.*

Despite appellants' failure to file a motion for continuance, their explanation was sufficient to support reinstatement. Appellants' counsel explained that he believed the criminal trial was preferentially set. Appellants' counsel also claimed he relied on statements

in the local rules that a preferentially set case has priority over cases not preferentially set and that a criminal case has priority over a civil case. Furthermore, appellants' counsel advised both trial judges of the conflict before either trial began. The trial court abused its discretion in dismissing the case and in refusing to reinstate the case. We sustain points of error one and two. Having sustained these points of error, we need not address point of error three.

We reverse the judgment and remand the case for trial.

MURPHY, Justice, dissenting.

I respectfully dissent. Because the record shows that appellants intentionally failed to appear for trial, I would affirm the judgment, modifying it to dismiss the case without prejudice.

The standard of review of a dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300 (Tex.App.—Houston [14th Dist.] 1992, no writ). An abuse of discretion only occurs if the trial court acts without reference to any guiding rules or principles. *Id.* The rule regarding dismissal for want of prosecution is Rule 165a. This rule provides for dismissed on the failure of any party seeking affirmative relief to appear for trial. Tex. R.Civ.P. 165a. In determining whether to reinstate a case dismissed for want of prosecution, Rule 165a requires the trial court to consider whether the failure to prosecute the suit was intentional or the result of conscious indifference, or whether it was due to an accident or mistake or was otherwise reasonably explained. Tex.R.Civ.P. 165a(3).

This case was initially called to trial in the 133rd District Court before Judge Casseb on August 11, 1993. Judge Casseb later continued the trial until October 4, 1993. Judge Casseb advised counsel for both parties that a motion for continuance was required if a problem arose.

Appellants contend that on October 4, 1993, their counsel was involved in a criminal trial in the 263rd District Court before Judge Guerrero. The criminal trial actually began on October 1, 1993. The trial coordinator for for Judge Casseb, Ms. DeJean, called to remind appellants' counsel of the trial setting on October 4, 1993 and counsel then advised her of his criminal trial conflict. Appellants' counsel subsequently sent a letter to Judge Casseb regarding the "preferential" criminal trial setting. The court coordinator in Judge Guerrero's court advised Ms. DeJean that the criminal case was on the trial docket, but was not preferentially set. When Ms. DeJean again called appellants' counsel and told him that he was expected to appear for trial in the 133rd District Court, counsel's alleged response was, "I'm going to that trial [the criminal trial] and that's that." Appellants' counsel never filed a motion for continuance in the 133rd District Court.

Appellants cite *Dancy v. Daggett*, 809 S.W.2d 629 (Tex.App.—Houston [14th Dist.] 1991) (orig. proceeding) as support for their argument that a scheduling conflict is a reasonable explanation for failure to appear for trial. In that case, however, the party with the scheduling conflict had filed a motion for continuance. *Id.* at 549.

A number of cases involve dismissals for failure to appear. The appellate courts reverse these cases where there is a reasonable explanation for the failure to appear or where the failure is the result of an accident or mistake. When compared to the facts of the instant case, the case law finding reasonable able explanations for the failure to appear is easily distinguishable. *See Torres v. Rios*, 869 S.W.2d 555 (Tex.App.—Corpus Christi 1993, no writ) (reversed dismissal where attorney failed to appear because he received two pages in same envelope and mistakenly assumed both related to a different case when second page actually was a notice of dismissal in instant case); *Clark v. Pruett*, 820 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1991, no writ) (reversed dismissal where notice of dismissal hearing apparently sent to former attorney); *Quita, Inc. v. Haney*, 810 S.W.2d 469 (Tex.App.—Eastland 1991, no writ) (reversed dismissal where appellant's counsel failed to appear at trial and was in trial elsewhere because of confusion or mistake regarding date case would actually go to trial); *Mandujano v. Oliva*, 755

S.W.2d 512 (Tex.App.—San Antonio 1988, writ denied) (reversed dismissal where attorney mistakenly showed up for hearing in wrong court).

Where the courts find no reasonable explanation for the failure to appear, the dismissal is upheld. *See Armentrout v. Murdock,* 779 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1989, no writ) (affirmed dismissal for failure to appear because no reasonable explanation appeared in the record); *Coleman v. Hughes Blanton, Inc.,* 599 S.W.2d 643 (Tex.Civ. App.—Texarkana 1980, no writ) (affirmed dismissal for failure to amend petition where attorney claimed he had other scheduling conflicts, including two trials and seven hearings, holding this was not a reasonable explanation because attorney was aware of order to amend and did not request extension of time).

The record shows that appellant's counsel knew he had a scheduling conflict and did not notify the court until the court coordinator telephoned him. He did not file a motion for continuance, the available procedure to avoid a conflict. *See Melton v. Ryander,* 727 S.W.2d 299, 302 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Rather than filing a motion for continuance, appellants simply did nothing. When Judge Casseb's coordinator contacted counsel, he advised her that appellants would attend the criminal trial and not the civil trial. Although a scheduling conflict would ordinarily suffice as an explanation for the failure to appear, counsel's behavior in this case exemplifies conscious indifference. Given the facts of this case, I would hold that counsel's explanation is unreasonable. Therefore, I would find no abuse of discretion by the trial court in dismissing this case for appellant's failure to appear.

Appellants do not specifically challenge the trial court's dismissal of the case *with prejudice.* Nevertheless, an adjudication of the merits of a case being dismissed for want of prosecution is fundamental error. *Alvarado v. Magic Valley Elec. Co-op,* 784 S.W.2d 729, 733 (Tex.App.—San Antonio 1990, writ denied). Case law consistently holds that it is error to dismiss a case for want of prosecution "with prejudice" because such a dismissal is not an adjudication of the parties' rights, but puts parties in the position they were in

before the suit was filed. *See Texas Society, D.A.R. v. Estate of Hubbard,* 768 S.W.2d 858, 862–63 (Tex.App.—Texarkana 1989); *Melton,* 727 S.W.2d at 303; *Maldonado v. Puente,* 694 S.W.2d 86, 92 (Tex.App.—San Antonio 1985, no writ). *See also Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex. 1962). Therefore, I would hold that the trial court erred in dismissing this case with prejudice.

Given counsel's conscious indifference regarding his trial setting in Judge Casseb's court, I would find no abuse of discretion in the dismissal for failure to appear. Although I would affirm the dismissal, I would modify the judgment to order the cause of action dismissed without prejudice.