# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00301-CV

---

**Alice Lawson, Appellant**

**v.**

**Scott Morrison and Oaks, Hartline & Daly, LLP, Appellees**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-005806, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Alice Lawson appeals the trial court's order denying her motion to withdraw her nonsuit. For the following reasons, we affirm.

## BACKGROUND

In 2017, Lawson, acting pro se, sued Scott Morrison and Oaks, Hartline & Daly, LLP (collectively, the Law Firm) for legal malpractice in both federal and state court, which Lawson later described as "duplicitous litigation." This appeal concerns procedural actions taken in the state court suit.

In that suit, the Law Firm answered, raised a counterclaim for breach of contract, and requested attorney's fees. Lawson later retained counsel, who filed a notice of appearance in October 2018. Following a hearing that same month, the trial court signed a scheduling order setting an April 22, 2019 trial date with a discovery deadline of March 3, 2019.

In January 2019, Lawson moved to abate the case for six months, alleging that the claims were not ripe due to a pending probate matter, and resisted discovery—including interrogatories and a notice of deposition—based on her motion to abate. On January 25, the trial court denied Lawson's motion for abatement and ordered Lawson to appear for deposition on February 18 or 19. Before the deposition, Lawson filed a motion to dismiss without prejudice on February 11, stating that "she does not want to pursue these claims in this forum at this time." Responding the same day, the Law Firm sent Lawson a letter thanking her for nonsuiting the case but explaining, "To the extent your client hoped for some procedural advantage—like avoiding Judge Sulak's order to appear for her deposition in Austin on Monday, February 18— please note that [the Law Firm's] counter-claim remains on file, and Judge Sulak's order likewise remains intact." The next day, Lawson filed a motion to consolidate and transfer the proceedings to federal court. She explained in the motion that she had nonsuited her claims "to avoid duplicitous litigation . . . with the full belief that this totally took care of this matter notwithstanding an apparent counterclaim for attorney's fees" but "in a spirit of caution files this motion to transfer and/or consolidate said counterclaim . . . to the ongoing federal action" and that she "believes and/or has concluded that the deposition as scheduled by Defendants of her on February 18, 2018 in Austin, TX, has been cancelled . . . pending a hearing before this court." Lawson then moved to quash her scheduled deposition. Without a ruling from the trial court, Lawson did not appear for the scheduled February 18 deposition, as noted by the deposition transcript included in the record. On March 19—after the discovery deadline—Lawson served requests for disclosure, requests for production, and interrogatories, and filed a motion for continuance that stated that Lawson's counsel was unaware of and had just found out about the April 22 trial setting.

On March 25, a new counsel for Lawson filed a notice of appearance as co-counsel and attorney in charge. On March 28, Lawson's new co-counsel filed on Lawson's behalf a motion to withdraw her nonsuit and to continue the April 22 trial setting. The motion stated that Lawson's original counsel "expected to be able to try the legal malpractice claims in federal court—a misapprehension which has since been proven untrue" due to an "apparent misapplication of Texas and/or federal law." The motion explained that Lawson's original counsel never received notice of the trial setting and attached an affidavit by Lawson's original counsel averring that he did not attend the hearing setting the April 22 trial date. The next day, however, Lawson's new co-counsel filed a motion to withdraw as Lawson's counsel, stating that he "has good cause to withdraw from representing Plaintiff due to the inability to obtain accurate information from [original counsel] to effectively represent Plaintiff."

On April 1, Lawson filed another motion to withdraw her nonsuit and an amended motion for a continuance, signed by her original counsel. The amended motion and its attached affidavit deleted references to original counsel's not receiving notice of the trial setting or not attending the hearing; instead, the motion stated that "it is clear the parties recognize that this state court case requires more time for discovery (which is substantially incomplete) to adequately prepare it for trial." The Law Firm responded, claiming that Lawson's claims are now "time-barred because they are duplications of her malpractice claim which was subject to a two-year statute of limitations." Additionally, the Law Firm argued, there is "no cause for reviving her extinguished claims now, 19 days before trial," because "Lawson's motion to dismiss was part of her scheme to avoid her deposition and the upcoming April trial setting after having her motions to abate and quash denied" and because "Defendants would be severely prejudiced if, having prepared for an imminent trial on their claims, they were faced with

3

additional months of expensive discovery and trial preparation on a new set of claims that were extinguished through the Plaintiff's own wrongful tactics, and by limitations, months ago." The presiding judge Judge Sulak denied Lawson's motion for continuance and the motion to withdraw her nonsuit but granted the new co-counsel's motion to withdraw as counsel.

Before trial, Lawson moved to recuse Judge Sulak. At trial, neither Lawson nor her counsel appeared. The trial court contacted Lawson's counsel by phone, stating that "it appears, based at least on the last page of your motion [to recuse], that you're under the impression that this results in an automatic stay of the proceedings" but explaining that the presiding trial judge Judge Howell had not yet touched the case because of Travis County's central docket system and had not been the subject of the motion to recuse. In response, Lawson's counsel stated that his "client feels that this is such an injustice that . . . go ahead and default her and we'll take it up with the court of appeals" and "let what happens happen[]." After trial and in a final judgment, the trial court awarded damages in the Law Firm's favor. Lawson filed a motion to modify the judgment or for new trial, which the trial court denied. Lawson now appeals.

## DISCUSSION

In a single issue on appeal, Lawson claims that the trial court abused its discretion in failing to reinstate her claims after she filed her motion to withdraw her nonsuit. At any time before introducing all evidence other than rebuttal evidence, rule 162 provides a plaintiff with an absolute right to file a nonsuit, *see* Tex. R. Civ. P. 162, which extinguishes a case or controversy the moment the motion is filed and renders the merits of the nonsuited case moot, *see Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Villafani v. Trejo*, 251 S.W.3d 466, 468–69

(Tex. 2008); *University of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam). But a party may not use a nonsuit to avoid someone else's claims because "[r]ule 162 governing nonsuits provides that '[a]ny dismissal pursuant to [rule 162] shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.'" *Texas Mut. Ins. v. Ledbetter*, 251 S.W.3d 31, 37–38 (Tex. 2008) (quoting Tex. R. Civ. P. 162); *see, e.g.*, *Morin v. Law Off. of Kleinhans Gruber, PLLC*, No. 03-15-00174-CV, 2015 WL 4999045, at \*2 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.) ("One party's nonsuit does not affect the opposing party's pending claims for attorney's fees." (citing Tex. R. Civ. P. 162; *Blackmon*, 195 S.W.3d at 100)).

A nonsuited claim may be revived by filing a motion for new trial, by filing a motion to reinstate or a motion to withdraw the nonsuit, or by agreement of the parties. *See DHJB Dev., LLC v. Graham*, No. 03-18-00340-CV, 2018 WL 5814119, at \*3 (Tex. App.—Austin Nov. 7, 2018, no pet.) (mem. op.) (collecting authorities). But whether to grant or deny the motion to revive a nonsuited claim lies within the sound discretion of the trial court. *See id.* at \*3 n.1 (citing *Trigg v. Moore*, 335 S.W.3d 243, 246 (Tex. App.—Amarillo 2010, pet. denied); *Davis v. State Farm Lloyds Tex.*, No. 03-16-00091-CV, 2016 WL 6833103, at \*3 (Tex. App.—Austin Nov. 17, 2016, pet. denied) (mem. op.)). "A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without any reference to guiding rules or principles." *In re Thetford*, 574 S.W.3d 362, 374 (Tex. 2019) (orig. proceeding) (quoting *In re Meador*, 968 S.W.2d 346, 353 (Tex. 1998) (orig. proceeding)).

Lawson argues that "[a] trial court abuses its discretion in denying a motion to reinstate a plaintiff's claims where the plaintiff has a reasonable explanation for the non-suit," citing authority from our sister court. *See Trimble v. Financial Freedom Senior Funding Corp.*,

No. 01-15-00851-CV, 2016 WL 7368059, at *3 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.).   In *Trimble*, the court held that the trial court abused its discretion in denying a motion to reinstate, noting that the plaintiffs "provided reasonable grounds to reinstate their case."  *Id.* (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Dalmex, Ltd. v. Apparel Enters.*, 455 S.W.3d 241, 244 (Tex. App.—El Paso 2015, no pet.); *Seigle v. Hollech*, 892 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1994, no writ)).  But the cases cited in *Trimble*—*Smith*, *Dalmex*, and *Seigle*—concerned dismissals for want of prosecution and motions for reinstatement under rule 165a.  *See Smith*, 913 S.W.2d at 468; *Dalmex*, 455 S.W.3d at 244; *Seigle*, 892 S.W.2d at 203.  In contrast to rule 162, *see* Tex. R. Civ. P. 162, rule 165a requires that "[t]he court *shall* reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained," thereby imposing a duty on the trial court to reinstate the case, Tex. R. Civ. P. 165a(3) (emphasis added); *see* Tex. Gov't Code § 311.016(2) ("'Shall' imposes a duty."); *Perryman v. Spartan Tex. Six Cap. Partners, Ltd.*, 546 S.W.3d 110, 131 (Tex. 2018) ("By its plain and common meaning, 'shall' denotes mandatory action.").  Thus, to the extent *Trimble* applies the standard found in rule 165a to review the trial court's decision to deny reinstatement of a voluntary dismissal or nonsuit under rule 162, we find *Trimble* unpersuasive.[1]

---

[1]  Moreover, relying on facts not present here, our sister court also rested its decision on the fact that the plaintiffs' motion to reinstate "explained that their former counsel had filed the 'Notice of Non-Suit Without Prejudice' without their permission or knowledge" and that the opposing side "did not respond or object to the [plaintiffs'] request for reinstatement."  *Trimble v. Financial Freedom Senior Funding Corp.*, No. 01-15-00851-CV, 2016 WL 7368059, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2016, no pet.) (mem. op.).

We therefore ask not whether reasonable grounds for reinstatement existed after the rule 162 nonsuit but whether the trial court's denial of reinstatement was unreasonable or arbitrary. We conclude that on these facts the trial court's denial was not unreasonable or arbitrary.

The parties do not dispute that the two-year statute of limitations applies to Lawson's claims, and Lawson does not dispute that her claims would be untimely if the reinstated claims do not relate back to the date of the original pleading. The Texas Supreme Court has held that "a voluntary nonsuit does not interrupt the running of the statute of limitations." *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013) (citing *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.)).[2] As explained in *Bailey*, the "voluntary nonsuit is treated as though the first lawsuit had never been filed." 154 S.W.3d at 920. Thus, in considering whether to grant Lawson's motion to withdraw her nonsuit, it was not unreasonable for the trial court to conclude that reinstating the claims would allow Lawson to bring a lawsuit outside the statute of limitations. *Cf. Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App.—Fort Worth 1997, pet. denied) ("When a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is refiled. This is because a dismissal is equivalent to a suit

---

[2] Lawson cites *American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830–31 (Tex. 1994), *Antonov v. Walters*, 168 S.W.3d 901, 907 (Tex. App.—Fort Worth 2005, pet. denied), and *Milestone Properties, Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 116–17 (Tex. App.—Austin 1993, no writ), to assert that her claims would not be barred by limitations. But these cases are inapposite here; they did not concern a voluntary nonsuit and motion to withdraw the voluntary nonsuit. *See Allen*, 887 S.W.2d at 831 (concerning inadvertent omission of party); *Antonov*, 168 S.W.3d at 906–07 (concerning party's intervention into suit outside limitations period); *Milestone Props.*, 867 S.W.2d at 116–17 (concerning added tort claims that related back to indemnity claim due to references to alleged misrepresentations in earlier petition).

never having been filed; thus, the statute of limitations is not tolled for any new pleading filed." (internal citations omitted)).

Nevertheless, in her briefing before this Court, Lawson asserts two grounds that she argues justify reinstating the claims and allowing the claims to relate back to the original petition. First, Lawson argues that she and her counsel were not aware of the existence of the counterclaim and therefore the "intent was to dismiss the entire suit pending in state court, and have all the claims decided in the federal suit." Lawson, however, does not dispute that she received the counterclaim, and the record and certificate of service reflect that she was served with the counterclaim. Instead, she asserts that "as a pro se litigant" she "did not understand that [the Law Firm] had asserted an independent counterclaim against her through its original answer." But "[w]e hold pro se litigants to the same procedural standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage." *Veigel v. Texas Boll Weevil Eradication Found., Inc.*, 549 S.W.3d 193, 195 n.1 (Tex. App.—Austin 2018, no pet.). Lawson also claims that her original counsel was not aware of the counterclaim because he "appeared in the case after the counterclaim was filed." But this does not explain why during the four months between his appearance and the nonsuit he did not become familiar with the Law Firm's live pleading, which asserted a counterclaim against his client. Accordingly, Lawson's assertion that she and her counsel were unaware of the Law Firm's counterclaim did not make the trial court's denial of her motion to withdraw her nonsuit unreasonable or arbitrary.

Second, Lawson argues for reinstatement on the equitable ground that "the mistaken dismissal would likely prevent her from being able to litigate the merit of her claims in any court" because Lawson's legal malpractice claims and the Law Firm's "breach of legal fee

agreement counterclaim cannot be tried separately, and an attempt to do so will raise a res judicata defense." But as our sister court has noted:

> It does not take much imagination to see how a litigant could use an unfettered ability to dismiss and reinstate to utterly disrupt discovery, a trial, or the orderly proceeding of the cause in general. Nor need one think hard to envision how such power could vitiate the trial court's authority to manage its docket.

*Trigg*, 335 S.W.3d at 246. Given the record here, it was not unreasonable for the trial court to conclude that Lawson's nonsuit may have been employed for the purpose of disrupting discovery and that the equities therefore did not support granting Lawson's motion to withdraw her nonsuit. Accordingly, we cannot conclude that the trial court abused its discretion based on Lawson's stated equitable ground. *Cf. Davis*, 2016 WL 6833103, at *3 (rejecting argument that trial court's denial of unverified motion for continuance "forced" voluntary nonsuit and holding that there was no abuse of discretion because "[t]he record does not reflect that the trial court was in any way responsible for [the plaintiffs'] lack of preparation for a trial setting").

We therefore overrule Lawson's sole issue on appeal.

## CONCLUSION

For these reasons, we affirm the trial court's order denying Lawson's motion to withdraw her nonsuit.

9

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   May 14, 2021