The TEXAS SOCIETY, DAUGHTERS OF THE AMERICAN REVOLUTION, INC., Appellant,

v.

The ESTATE OF Julia L. HUBBARD, Mrs. James Kerr and Mrs. Alton King, Appellees.

No. 9654.

Court of Appeals of Texas, Texarkana.

March 28, 1989.

Michael A. Maness, Houston, for appellant.

Michael Kuhn, Bracewell & Patterson, Houston, for Estate of Hubbard.

Winston P. Crowder, Houston, for Mrs. James Kerr.

Alton King, Temple, for Mrs. Alton King.

Before BLEIL, GRANT and CHADICK,* JJ.

CHADICK, Justice.

This action originated as a counterclaim filed in 1977 in a then pending lawsuit filed in the District Court of Marion County,

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by assignment.

Texas, in 1975. The counterclaim [1] was severed and docketed as a separate cause of action on March 20, 1981. Shortly afterwards, on April 30, 1981, an amended counterclaim was filed naming Mrs. Ford Hubbard, Mrs. Alton King, Mrs. James Kerr, and others as additional counterdefendants.

On May 20, 1988, the case was dismissed with prejudice, and thereafter at the conclusion of a hearing on June 17, 1988, an order was entered denying Texas Society, Daughters of the American Revolution, Inc.'s motion to reinstate. The Society has appealed, and only the estate of Julia J. Hubbard, deceased, Mrs. Alton King, and Mrs. James Kerr have appeared as appellees.

■ The Society's first point of error is in this language:

> The Trial Court erred and abused its discretion by refusing to reinstate the Texas Society's counterclaim under Rule 165a(3), Tex.R.Civ.P., following its prompt filing of a verified, procedurally sufficient motion to reinstate the case, establishing that any failure by the Texas Society or its attorney was not intentional or the result of conscious indifference, but was due to accident or mistake, and that otherwise reasonably explained any such failure.

The point will be considered in the context of the supporting argument and this extract from the statement of facts:

> I acknowledged and agreed that counsel were directed in the October the 31st, 1986 hearing to agree on the state of the record for the purpose of putting this case in a posture to be tried and I forgot

about that. It simply slipped my mind that that was a necessary precondition to everything else that was going on. [Society's counsel explaining its position.] The Society's position is that the record shows a reasonable explanation of any want of diligent prosecution.

Determination of the issue in the trial court rested with the judge. The exercise of judicial discretion includes determination of. factual questions and choices between competing policies or considerations. Discretion is abused when exercised to an end or purpose not justified by and clearly against reason and evidence. Black's Law Dictionary 24, 25 (4th ed. 1968). The question on appeal is whether the record shows clear abuse of discretion. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85 (1957).

The Society argues that prior to and at the time of the court clerk's January 19, 1988, notice to it of the judge's intent to dismiss within thirty days, the Society was actually pursuing settlement and had a formal settlement proposal under consideration. It adds that none of the appellees had moved to dismiss, suggested, hinted, or otherwise manifested the slightest degree of dissatisfaction with the pace of the proceedings, or pressed for consideration of motions, exceptions, or other matters preparatory to trial. Moreover, it continues, there was an unsigned order before the court transferring the case to Harris County contingent on the parties' being somehow able to agree upon the pleadings and other court papers and records to be transferred. These facts and circumstances, including the procedural history,[2] it contends,

---

1. The action is of ancient lineage measured by courthouse norms. It is an offshoot of *Governing Board v. Pannill*, 561 S.W.2d 517 (Tex.Civ. App.—Texarkana 1977, writ ref'd n.r.e.), progenitor of *Texas Society v. Fort Bend Chapter*, 590 S.W.2d 156 (Tex.Civ.App.—Texarkana 1979, writ

ref'd n.r.e.); *Ex parte Edman*, 609 S.W.2d 532 (Tex.1980); and *Governing Board v. Pannill*, 659 S.W.2d 670 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.).

2. Activity in the trial court shown by the docket:

April 24, 1986      A joint motion granted allowing substitution of present legal counsel for previous counsel.

May 19, 1986      The Society granted leave to file its second amended counterclaim, together with the following:

. . . .

     (3) IT IS FURTHER ORDERED that Counsel for Counter–Defendants shall, if they so desire, file on behalf of their respective clients a motion for summary judgment and supporting memorandum not later than Friday, June 20, 1986, and Counsel for Counter–Plaintiff shall file a response thereto and supporting

constitute a reasonable explanation that excused the Society's failure to diligently prosecute the case.

■ Settlement activity does not excuse want of diligent prosecution. *Sustala v.* *El-Romman,* 712 S.W.2d 164 (Tex.App.— Houston [14th Dist.] 1985, writ ref'd n.r.e.); *Petroleum Refining Company v. McGlothlin,* 429 S.W.2d 676 (Tex.Civ.App. —Eastland 1968, writ ref'd n.r.e.); *Rorie v.*

| | |
|---|---|
| | memorandum not later than Monday, June 30, 1986. The Court will rule promptly on the motion for summary judgment. |
| | In the event Counter–Defendants' motion for summary judgment is denied, this case is hereby scheduled for Pretrial Conference on Tuesday, September 2, 1986. All amended pleadings and all discovery shall be completed by that date. All Counter–Defendants, both Chapters and individuals, not served before September 2, 1986 shall be subject to dismissal from this suit. The Court will schedule a trial date (tentatively, in October, 1986) at the September 2, 1986 Pretrial Conference. |
| September 2, 1986 | Society's motion to extend the discovery deadline and for additional time to serve counterdefendants filed at 8:59 a.m. |
| | An order filed at 3:50 p.m. (1) denied counterdefendants' pleas in abatement and motions for summary judgment; (2) deferred a ruling until Friday, October 31, on special exceptions and motion to transfer venue of counterdefendant, Mrs. Alton King, as well as setting at such time a final pretrial hearing on all matters then pending; and (3) granted counterplaintiff's motion to extend the discovery deadline set by the court's order of May 9, 1986, and to extend the time to serve certain counterdefendants, and all discovery in the case ordered to be completed on or before the hearing scheduled for October 31, 1986, at 1:00 p.m. |
| September 15, 1986 | Filed joint motions by parties for dismissal with prejudice and notice of nonsuit as to several counterdefendants. |
| September 29, 1986 | Filed mutual release and settlement agreement between the Society and several counterdefendants. |
| October 22, 1986 | Filed mutual release and settlement between Society and several counterdefendants. |
| October 31, 1986 | Filed motion to transfer venue and original answer of Mrs. Ford Hubbard. |
| August 2, 1987 | Filed special exceptions and amended answer of Ford Hubbard, Jr., independent executor of the estate of Julia J. Hubbard, deceased. |
| January 19, 1988 | Letter from clerk of the court advising all parties that the case would be dismissed for want of prosecution within thirty days. |
| February 16, 1988 | Filed the Society's motion to retain case on docket and for trial setting. |
| February 21, 1988 | Filed opposition to the Society's motion to retain case on docket and for trial setting. |
| May 23, 1988 | Entered order dismissing case. |
| June 13, 1988 | Filed the Society's motion to reinstate case. |
| June 16, 1988 | Filed counterdefendants' motion in opposition to reinstatement of the case. |
| June 22, 1988 | Entered order refusing to reinstate case. |

*Avenue Shipping Co.,* 414 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). Likewise, the passive attitude of opposing parties does not excuse want of diligence. *Beckham v. Travelers Insurance Company,* 487 S.W.2d 772 (Tex.Civ.App.—Amarillo 1972, no writ); *Crosby v. DiPalma,* 141 S.W. 321 (Tex.Civ. App.—El Paso 1911, writ ref'd); 1 Tex.Jur. 3d *Actions* § 254 (1979).

Contingent on the parties' designating the court papers and records they desired to have transferred, the trial judge agreed to sign an order transferring the case to Harris County. Designation of pleadings and documents a party desired to have transferred required little or no agreement or cooperation from opposing parties or counsel, nor would it involve excessive time or expense. The transfer understanding occurred October 31, 1986; fourteen months elapsed before the clerk advised the parties on January 19, 1988, that the case would be dismissed within thirty days. The Society responded three days before the deadline with a motion to retain the case on the docket and for a trial setting. The motion made no mention of the pending transfer to Harris County, the then pending business before the court.

The Society's motion stated affirmatively that it was prepared to try the case at such time and place as the court might direct; that it did not desire the case to be dismissed; and that it was ready to "go forward and try the case with all deliberate speed." At the time of the trial request it had not conducted pretrial discovery as it had previously requested nor responded to the counterdefendant's discovery request.

■ The trial judge has a duty and obligation to maintain control of the docket and require parties to prosecute their suits with diligence. *State v. Rotello,* 671 S.W. 2d 507 (Tex.1984); *Southern Pacific Transportation Co. v. Stoot,* 530 S.W.2d 930 (Tex.1975). The record shows an agreement by the parties, made in open court, to transfer the case to Harris County, which was not to be ordered until the parties designated the portions of the record they desired transferred. After the

lapse of fourteen months, the trial judge gave notice of his intent to dismiss for want of prosecution. The Society responded by asking for a trial date. The request in this context had little meaning. See discussion under Point 2, where the request for trial is relied upon by the Society in a different context. Implementation of the transfer procedure was an essential step in orderly and diligent prosecution. The Society indicated no disposition to act diligently on the transfer, and at the reinstatement hearing stated that counsel forgot the Society's obligation in that respect.

The record shows there were fact issues to be determined from inferences arising from the evidence and circumstances in the case. The determination made is consistent with reason and evidence and is not so clearly violative of undisputed fact and logic as to evidence perversity of reason, passion, or bias. The record supports the trial judge's conclusion that the Society did not produce a reasonable explanation for failure to diligently prosecute its case. The first point of error is overruled.

■ The Society's second point of error puts in question the action of the trial court in overruling its motion to reinstate the Society's counterclaim on the grounds that the order of dismissal was procedurally defective, not having been preceded either by a dismissal hearing pursuant to Tex.R. Civ.P. 165a(1), or by a fair notice of what precisely the Society and its attorney needed to do in order to prevent the case from being dismissed.

The opening sentence of Rule 165a focuses on dismissal for want of prosecution when the party seeking affirmative relief fails to appear for a hearing or trial of which the party has notice. Thereafter, it establishes a procedure. Subdivision 4 of the rule makes it cumulative of all rules and laws governing other procedures available to parties. The final sentence of the subdivision makes the rule's procedures applicable to all dismissals for want of prosecution, including cases which are dismissed pursuant to the court's inherent power and whether or not a motion to dismiss has been filed.

This is not a nonappearance situation; dismissal was an exercise of the court's inherent power in this instance. A hearing was had on the motion to reinstate at a time while the court had full control of its judgment. The Society was given the same hearing it would have had before the order of dismissal was signed, with the same burden of proof. No harmful error is shown. *State v. Rotello,* supra; *Vautrain v. Dutch Garrett, Inc.,* 755 S.W.2d 486 (Tex.App.—Fort Worth 1988, writ denied); *Stromberg Carlson Leasing Corp. v. Central Welding,* 750 S.W.2d 862 (Tex.App.— Houston [14th Dist.] 1988, no writ); *Knight v. Trent,* 739 S.W.2d 116 (Tex.App. —San Antonio 1987, no writ); Tex.R.Civ.P. 165a.

■ Complaint is also vigorously urged that the trial judge did not specify in the notice what the Society was supposed to do to avert dismissal. Its brief states:

Counsel filed a motion to have the case set for trial.... He communicated with the Judge by telephone to inform him of pending settlement negotiations that warranted some additional time.... What more should he have done?

Procedural fairness at the least requires that a party be provided with at least one opportunity to take whatever corrective measures the trial judge deems appropriate to move a case to trial before an action so drastic as dismissal is undertaken.

At the time of the notice letter, transfer of the case had been the pending business in court, awaiting the initiative of the parties, for approximately fourteen months. A request for a trial setting ignored this pending business. A trial setting in Marion County would have conflicted with the pending transfer agreement and would have created confusion. The indefinite status of the case would not have permitted a firm setting in Harris County. Settlement negotiations had been spasmodic; a start-stop pattern reaching back many years is discernible in its history. The Society did not contend that an immediate settlement was in prospect or that more than routine formal consideration was to be given to settlement proposals. The record raised very strong inferences that progress in the case depended upon the Society's designation of the court papers to be transferred. This most important aspect of the case's prosecution the Society's counsel forgot and did not perform, offer to perform, or request leave to perform on receipt of notice. The judge's choice of remedies and his determination of the competing and conflicting inferences to be derived from the record are not of a nature that can be branded as an abuse of discretion. The Society's second point is overruled. *Veterans' Land Board v. Williams,* 543 S.W.2d 89 (Tex.1976); *Vautrain v. Dutch Garrett, Inc.,* supra; *Stromberg Carlson Leasing Corp. v. Central Welding,* supra; *Levermann v. Cartall,* 715 S.W.2d 728 (Tex.App. —Texarkana 1986, writ ref'd n.r.e.).

■ The Society briefs its third and fourth points together. Failure of the record to establish neglect, dilatoriness, lack of due diligence, and dismissal of the counterclaim with prejudice are the errors asserted. The following is the Society's complete argument under these points:

The entirety of the record in this case shows, at most, a genuine misunderstanding by the Texas Society's counsel of what should have been done to avert the dismissal that Judge Ryan entered. A misunderstanding is not equivalent to the sort of extended, unexplained, unjustified delay in prosecuting a case that traditionally has justified the most severe sanction of dismissal.

In any event, however, Judge Ryan was clearly wrong in dismissing "with prejudice." *Willis v. Barron,* 604 S.W. 2d 447, 450 (Tex.Civ.App.—Tyler, 1980, writ ref'd n.r.e.).

Timely designation of material to be transferred would have averted dismissal as shown by previous discussion, and no purpose would be served by further discussion of that aspect of the appeal. However, the Society's Point 4, that the case should not have been dismissed with prejudice, is well taken and will be sustained. It is well established that dismissal for want of prosecution does not preclude the filing

of another suit, and therefore dismissal "with prejudice" is improper. The order of the trial court dismissing the lawsuit will be reformed to eliminate the words "with prejudice." *Willis v. Barron,* 604 S.W.2d 447 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). Otherwise, the Society's points of error are overruled.

An unverified motion for damages due to a frivolous appeal, authorized by Tex.R. App.P. 84, has been filed. Attached to the motion is a printed copy of the purported minutes of the Society's executive board meeting September 7, 1988. The item tendered to prove the appeal was taken for delay and to support the motion reads:

> Mrs. Lovett moved to ratify the telephone vote of the State Executive Board taken June 1988, accepting the Court's decision to terminate Counterclaim No. 81–81. The motion was adopted.

As presented, the Society's purported action is merely hearsay and does not support the motion. It is overruled.

The judgment of the trial court will be reformed to order dismissal without prejudice, and as reformed the judgment is affirmed.