Hesham ELLMOSSALLAMY, Appellant,

v.

Billy HUNTSMAN, Appellee.

No. C14–90–01035–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1992.

Rehearing Denied May 28, 1992.

Stevens F. Mafrige, Ronald J. Kormanik, Houston, for appellant.

William S. Jackson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant asks us to reverse the trial court's order dismissing his case for want of prosecution and its denial of his motion to reinstate.

This is another appellate entry in that ever expanding category of cases dismissed by the trial court for want of prosecution. However, this case reaches us in a somewhat different posture than previous cases of this type in that the parties had conducted considerable pre-trial discovery, and the case was preferentially set and ready for trial. And, but for an apparently misunderstood settlement agreement announced to the court, would have proceeded to trial. Instead the case was deferred, the settlement agreement revoked, and the case was dismissed by the court for want

of prosecution. The court's dismissal was apparently based on the appellant's alleged inaction for the four-month period from the date of the deferred trial setting until the court's dismissal. Therefore, our focus must essentially be directed at that period of time to determine whether the trial court abused its discretion in dismissing this case for want of prosecution. However, we must also look at that period of time in the context of the whole case to put it in proper perspective. *State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); *Fedco Oil Co. v. Pride Refining Co.*, 787 S.W.2d 572, 573 (Tex. App.—Houston [14th Dist.] 1990, no writ).

On December 3, 1987, appellant, Hesham Ellmossallamy, filed a personal injury action against appellee, Billy Huntsman, to recover damages sustained in an August 23, 1986, automobile accident. After appellee answered with a general denial on December 17, 1987, discovery immediately began and the case was set for trial before the court on October 26, 1988. Appellant then filed a motion for continuance stating he was a student in California and requested a summer trial date. Without giving a specific trial date, the court granted the continuance and discovery progressed.

After the cause was placed on the May 10, 1989, dismissal docket for want of prosecution, appellant filed a motion to retain which the trial court granted. The trial court notified the parties of an October 17, 1989, non-jury trial date and later rescheduled the case for a preferential jury trial setting for February 21, 1990.

On that February trial date, appellee's counsel appeared before the court and announced the parties had reached a settlement. He dictated into the record that appellee would pay $3,500 to appellant plus court costs, but appellant's attorney fees would be deducted from the settlement. When the trial court questioned whether appellee's counsel had appellant's authority to make these statements, counsel confirmed this and declared he would prepare the judgment. Appellee's counsel stated the settlement would be delivered before the following Monday and a compromise take-nothing judgment would be signed afterwards. The trial court accepted the proposed settlement following counsel's agreement to have both parties' attorneys approve the judgment before it reached the court.

The next recorded activity occurred after the trial court's June 22, 1990, notice to the parties placing the case on the August 22, 1990, dismissal docket. Filing a verified motion to retain on August 22, 1990, appellant asserted he had withdrawn his consent to the settlement terms and had not signed a release or agreed judgment. The trial court denied this motion, dismissed the case on August 27, 1990, and appellant subsequently filed a verified motion to reinstate on September 19, 1990. In his attached sworn affidavit, appellant explained he misunderstood the $3,500 total damages amount in the settlement agreement to be exclusive of his medical expenses although his counsel thoroughly discussed the settlement terms with him. Thus, he withdrew his attorney's authority to settle the suit as soon as he comprehended the total damages amount.

During the reinstatement motion hearing on October 10, 1990, appellant's counsel informed the trial court he had attempted, but failed to contact appellant until June when appellant withdrew his consent. Since judgment had not been rendered, appellant's counsel claimed appellant's mistake concerning the settlement terms was an adequate reason for the court to reinstate the case. The trial court overruled the motion and this appeal followed.

■ The appellate standard of review of a dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957); *Armentrout v. Murdock*, 779 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1989, no writ). To determine if there is an abuse of discretion, we must look to see if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297 (Tex.1986).

■ On the issue of dismissal for want of prosecution, the sole test is whether the case was prosecuted to judgment with rea-

sonable diligence and the court has the inherent power to dismiss if the plaintiff fails to do this. *Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839 (Tex.App.—San Antonio 1989, writ denied); *Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.*, 750 S.W.2d 862, 864 (Tex.App.—Houston [14th Dist.] 1988, no writ). In addition, Tex.R.Civ.P. 165a expressly authorizes trial courts to dismiss a case which was not prosecuted diligently. *Stromberg Carlson*, 750 S.W.2d at 864. However, the trial court's right to dismiss a suit for failure to prosecute it with due diligence is not an unbridled discretion, but a judicial discretion subject to review. *William T. Jarvis Co., Inc. v. Wes–Tex Grain Co.*, 548 S.W.2d 775, 778 (Tex.App.—Waco 1977, writ ref'd n.r.e).

▆▆▆▆ In his first and third points of error, appellant claims the trial court abused its discretion in denying his motion to retain and dismissing the case for want of prosecution. Appellant asserts he complied with the trial court's June 22, 1990, notice to preclude dismissal by filing a sworn motion to retain on or before August 22, 1990. Appellant's motion stated, in pertinent part:

Movant would say that a settlement was dictated by counsel for Defendant at the time of trial scheduled for February 21, 1990. However, Plaintiff has now taken the position that he does not want to settle his case upon those terms and has not signed a release or agreed judgment as of this time. *In the event this Honorable court resets this case for trial, Plaintiff will be ready to proceed.* (Emphasis added).

However, appellee argues that the motion to retain did not meet the following applicable guidelines of the trial court's June notice:

If you wish for your case to remain on the docket, you must file a sworn motion to retain containing your certification that discovery is completed and that the case is ready for trial.

If discovery is not completed, your motion to retain must include a comprehensive discovery plan and the date of its completion, which plan will be reviewed by the court on the date set out above.

If you do not file the appropriate motion to retain, the cases will be dismissed for want of prosecution.

Obviously appellant's motion did not use the *exact* words that "discovery is completed" and "the case is ready for trial." While appellant might have included these specific words, both parties presumably had been ready to proceed to trial on February 21, 1990, and, therefore, all necessary discovery was completed at that time. There is nothing in the record to indicate that he was not ready to proceed to trial at the February setting and would have done so, but for the presumed settlement agreement which was announced to the court.

The record before this court reflects, without dispute, a span of over 150 pages showing that appellant pursued discovery continuously from the time he filed his suit on December 3, 1987, until February 2, 1990. There was no activity on either parties' side from the time of the proposed settlement on February 21, 1990, until the court's dismissal notice on June 22, 1990. During this four-month period, neither party filed any motion to enforce the settlement or to set the case for trial. Not surprisingly, after the notice of dismissal was received, the parties focused their attention on it. Appellant sought to keep the case alive; appellee sought to assist its demise.

Appellant alleges in his second point of error that the trial court erred in denying his timely motion to reinstate because appellant's mistake regarding the settlement agreement terms constituted good cause pursuant to Rule 165a of the Texas Rules of Civil Procedure.

Tex.R.Civ.P. 165a(3) provides, in pertinent part:

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

A motion to reinstate essentially provides a dismissed plaintiff the opportunity to explain a failure to prosecute with due diligence and ask the trial court to reconsider its decision to dismiss. *Stromberg Carlson*, 750 S.W.2d at 865. Appellee refers us to *Texas Society, Daughters of the American Revolution v. Estate of Julia Hubbard*, 768 S.W.2d 858 (Tex.App.—Texarkana 1989, no writ), where a motion to reinstate was denied because appellant did not provide a reasonable explanation for failure to diligently prosecute its case. In the latter case, the appellant declared it was ready to go to trial, but had not conducted its own requested pretrial discovery nor responded to the appellee's discovery request. *Id.* at 861. Contrasting that with this case, we find appellant had diligently pursued all discovery, complied with all appellee's requests, and was ready to proceed to trial on February 2, 1990, but for the misunderstood settlement agreement. Nothing happened between the settlement announced in February and the dismissal notice to indicate that appellant was not still ready for trial.

We recognize the problems of the trial court in its endeavors to get cases to trial, but appellant made a diligent, if not perfect, attempt to get to trial once he realized the total damages amount in the proposed settlement agreement included all his medical expenses. Besides, this matter could have been resolved at the time of the settlement announcement had the trial court simply required the presence of *both* attorneys to dictate the settlement terms into the record and rendered judgment thereon. He did not do so, and this unfortunate delay resulted.

Under the specific and unusual circumstances of this case where prior discovery was diligent and apparently complete, we conclude that appellant deserves his day in court. We find that an abuse of discretion is shown. Accordingly, we reverse and remand the cause to the trial court for a trial on its merits.

SEARS, Justice, dissenting.

I respectfully dissent.

Appellant had prior trial settings and filed motions for continuance. Appellant avoided the last preferential trial setting by agreeing to a settlement. Appellant then reneged on the settlement but failed to advise the trial court. Appellant waited two months after receiving the notice of dismissal and then filed the motion to retain on the last day for filing. Finally, appellant failed to meet the very specific requirements set by the court for the motion to retain. Appellant was clearly not diligent.

> The trial court stated in clear and unambiguous language:
>
> If you do not file the appropriate motion to retain, the cases will be dismissed for want of prosecution.

The Court clearly ordered the parties whose cases were on the dismissal docket to file a sworn motion containing certification that "discovery is completed" and the case is "ready for trial". Appellant's motion was devoid of any mention of completion of discovery, and it failed to certify that appellant was "ready for trial". Appellant merely advised the court for the first time that he was not honoring his agreement to settle, and stated that he would be "ready to proceed" if the court resets the case.

A trial court judge must be given the freedom to manage and control his or her docket without undue interference by the Courts of Appeals. When the trial judge requires *specific* things to be included in a motion to retain, and plaintiff fails to certify to those specific requirements, it is not an abuse of discretion to deny the motion to retain. Appellant failed to give the court the required statement advising that discovery was completed, and if not completed, to provide the court with a "comprehensive discovery plan and the date of its completion". Further, "ready to proceed" could mean many things, but "ready for trial" means only one.

I find no abuse of discretion and I would affirm.