Reversed and Remanded and Memorandum Opinion filed September 30, 2008








Reversed and
Remanded and Memorandum
Opinion filed September 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00521-CV

____________

 

RAVA SQUARE HOMEOWNERS ASSOCIATION, Appellant

 

V.

 

KEVIN J. SWAN, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2006-47681

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Rava Square Homeowners Association (ARava@), challenges the
dismissal of its breach of contract claim against appellee, Kevin J. Swan. 
Rava contends that the trial court erred in (1) dismissing Rava=s suit for want of
prosecution; (2) refusing to grant Rava=s verified motion
to reinstate the suit; and (3) refusing to grant Rava=s motion for
no-answer default judgment and Rava=s amended motion
for no-answer default judgment.  We reverse and remand.

 








Background

Rava is a residential homeowners association.  Swan owns a
townhome managed by Rava located at 5523 Feagan, Houston, Texas 77007.  In
September 2005, Swan agreed to pay $50 per month to a fund administered by Rava
for maintenance and repair of common areas; common expenses; and improvements
to association properties.  Swan failed to make the required monthly payments.

Rava sued Swan on August 3, 2006 to collect the unpaid
monthly maintenance fees he owed.  Rava attempted without success to serve Swan
at 5523 Feagan on eight occasions from August 10, 2006 through October 3,
2006.  Rava also attempted to serve Swan by sending the citation and petition
to 5523 Feagan via certified mail, return receipt requested.  This attempt also
failed and the citation was returned as Aunclaimed@ on September 23,
2006. 

On October 9, 2006, Rava filed a motion asking the court to
authorize substitute service on Swan by affixing a true copy of the citation
and attached petition to the front door of 5523 Feagan.  See Tex. R.
Civ. P. 106(b)(2).  The trial court granted Rava=s motion in an
order signed on October 27, 2006.  A return citation for this substituted
service was filed with the trial court on November 10, 2006, indicating that
substitute service had been affixed to Swan=s door at 5523
Feagan at 12:30 p.m. on November 8, 2006.  Swan=s deadline to file
an answer was December 6, 2006.  Swan failed to file an answer by that date. 

On February 8, 2007, with Swan still having failed to file
an answer, Rava filed a motion for no-answer default judgment.  Rava asked for
attorney=s fees totaling
$2,615.  The calculation of this amount was explained in an affidavit by Rava=s counsel as
including $140 for process service fees and 11 billable hours at $225 per
hour.  Elsewhere in the affidavit, Rava=s counsel asserted
that Rava agreed to pay $295 per hour for legal services.  No explanation is
given for this discrepancy.  On March 5, 2007, the trial court heard oral
argument and signed an order denying Rava=s motion for
no-answer default judgment without stating a reason for doing so in the order.








Rava filed an amended motion for no-answer default judgment
on March 7, 2007 asking for attorney=s fees totaling
$3,245.  The calculation of this amount was explained in a new affidavit by
Rava=s counsel as
including 11 billable hours at $295 per hour.  Also on March 7, 2007, Rava
filed a notice that its amended motion would be considered by written
submission on March 19, 2007. 

The trial court dismissed Rava=s suit for want of
prosecution in an order signed on March 22, 2007.  This order stated that on
March 12, 2007, Rava=s case Awas set for
Dismissal and the Plaintiff having failed to appear, it is hereby ordered that
this cause of action be and is hereby dismissed for want of prosecution.@  The trial court=s order does not
further explain the reasons for this dismissal.  Both the activity inquiry and
the docket sheets found in the record reference the March 22 dismissal, but
provide no reasoning other than Afor want of
prosecution.@  One of the docket sheets also lists a March 12, 2007
date for the case with the notation ADWOP NA,@ but includes no
explanation beyond this.

Rava filed a verified motion to reinstate its case on April
3, 2007.  Rava asserted that it did not receive notice of its case being
included on a March 12, 2007 dismissal docket, and that its failure to appear
on that date was not intentional or the result of conscious indifference.  Rava=s counsel swore in
an affidavit that he had prosecuted the case in a diligent manner.

On April 20, 2007, the court held an oral hearing on Rava=s verified motion
to reinstate.  No order regarding this motion was signed, and the motion was
overruled by operation of law on June 5, 2007.  See Tex. R. Civ. P.
165a(3).

Analysis

I.        Dismissal
for Want of Prosecution








We review dismissal for want of prosecution for clear abuse
of discretion.  Ellmossallamy v. Huntsman, 830 S.W.2d 299, 300 (Tex.
App.BHouston [14th
Dist.] 1992, no writ).  AA motion to reinstate shall set forth the
grounds therefor and be verified by the movant or his attorney.@  Tex. R. Civ. P.
165a(3).  The trial court shall reinstate the case upon finding after a hearing
that the failure was not intentional or the result of conscious indifference,
but due to an accident, mistake, or other reasonable explanation.  Id. 
A trial court abuses its discretion in denying reinstatement following a
dismissal for want of prosecution when an attorney=s explanation for
the failure to appear is reasonable.  Kenley v. Quintana Petroleum Corp.,
931 S.W.2d 318, 321 (Tex. App.BSan Antonio 1996, writ denied) (citing Smith
v. Babcock & Wilcox Constr. Co., 913 S.W.2d 467, 467-68 (Tex. 1995)
(per curiam)).

The facts here parallel Jackson v. Thurahan, Inc.,
No. 14-02-00308-CV, 2003 WL 1566386 (Tex. App.BHouston [14th
Dist.] Mar. 27, 2003, no pet.) (mem. op.).  In that case, plaintiff=s counsel swore in
his affidavit in support of a motion for reinstatement that the matter was not
docketed on his trial schedule.  Id. at *3.  Plaintiff=s counsel further
asserted that he was unaware of the court=s trial setting
until he received a notice of the court=s intent to
dismiss the case.  Id.  This court concluded on appeal that such an
explanation was reasonable, and that the record lacked evidence of intentional
failure or of conscious indifference on the part of the plaintiff=s counsel.  Id. 
The court then held the trial court=s denial of
reinstatement to be an abuse of discretion.  Id. 

Thurahan=s reasoning
applies with equal force here.  Rava=s counsel swore in
his affidavit that he had no notice of the case=s inclusion on a
March 12, 2007 dismissal docket.  Rava=s counsel further
swore in his affidavit that he had diligently prosecuted the case, and that his
absence on March 12, 2007 was neither intentional nor the result of conscious
indifference.  Like the explanation given by plaintiff=s counsel in Thurahan,
that given by Rava=s counsel is reasonable.  Additionally,
the record in this case contains no evidence of intentional failure or of
conscious indifference by Rava=s counsel.  Rava was actively pursuing the
case and attempting to obtain a default judgment at the time of dismissal. 
Under these circumstances, the trial court abused its discretion in denying
Rava=s verified motion
for reinstatement.








We sustain Rava=s issue regarding
reinstatement.

In light of this court=s decision
regarding Rava=s motion for reinstatement, Rava=s complaint
regarding the initial dismissal for want of prosecution is at most a harmless
error and therefore is overruled.  See Polk v. Sw. Crossing Homeowners Ass=n, 165 S.W.3d 89,
94-95 (Tex. App.BHouston [14th Dist.] 2005, pet. denied)
(failure to provide notice and opportunity to be heard before dismissing action
constitutes harmless error where hearing is granted on motion to reinstate
following dismissal for want of prosecution).

We overrule Rava=s issue regarding
the initial dismissal.

II.       Requests
for No-Answer Default Judgment

While the denial of default judgment ordinarily is an
unappealable interlocutory order, such a denial may be considered on appeal
when the denial is challenged in an appeal from a final judgment or order.  Aguilar
v. Livingston, 154 S.W.3d 832, 833 (Tex. App.BHouston [14th
Dist.] 2005, no pet.).  Thus, the denial of a motion for default judgment may
be appealed after a dismissal for want of prosecution.  Id.; see also
Crown Asset Mgmt., LLC v. Burnett, No. 05-07-01186-CV, 2008 WL 3197098, at
*3 (Tex. App.BDallas Aug. 8, 2008, no pet.) (mem. op.) (citing Aguilar,
154 S.W.3d at 833). 

The denial of a default judgment is reviewed under an abuse
of discretion standard.  Aguilar, 154 S.W.3d at 833.  A plaintiff may
seek a default judgment if the time has passed for the defendant to answer, the
defendant has not answered, and the citation with the process officer=s return has been
on file with the court clerk for ten days.  See Tex. R. Civ. P. 107,
239.  While there are no presumptions favoring valid issuance, service, and
return of citation, the officer=s return is considered prima facie
evidence of the facts recited therein.  Fowler v. Quinlan Indep. Sch. Dist.,
963 S.W.2d 941, 943 (Tex. App.BTexarkana 1998, no pet.).








A trial court is to grant a plaintiff=s motion for
default judgment if the plaintiff=s petition properly
states a cause of action and the trial court=s jurisdiction,
fair notice is given to the defendant, and there is no evident invalidity to
the plaintiff=s claim.  Jackson v.  Biotectronics, Inc., 937
S.W.2d 38, 42 (Tex. App.BHouston [14th Dist.] 1996, no writ); see
also Aguilar, 154 S.W.3d at 835 (A. . . because
appellee failed to answer the suit, and a valid return of service was on file
for at least ten days . . . appellant was entitled to a default judgment@).  Upon reversal
of a denial of a default judgment, remand is warranted when a fact dispute
exists regarding unliquidated damages.  Aguilar, 154 S.W.3d at 835.

The trial court=s dismissal of
this case constituted a final order, thus allowing Rava to appeal the denial of
its motions for no-answer default judgment.  See Aguilar, 154 S.W.3d at
833; Crown Asset, 2008 WL 3197098, at *3.  The record clearly indicates
that the time for Swan to answer had long since passed.  Swan never filed an
answer.  By the time Rava filed its initial motion for default judgment, the
return of citation had been on file for nearly two months.  The return
indicates that service was affixed to Swan=s door, as allowed
by the trial court=s order on substitute service, on November
8, 2006.  All other requisites for obtaining a default judgment have been
satisfied on this record.  Based on these circumstances, the trial court abused
its discretion in denying Rava=s request for a default judgment.  See
Aguilar, 154 S.W.3d at 835 (trial court abused discretion in denying motion
for default judgment where defendant failed to answer suit and valid return of
service was on file at least ten days when plaintiff moved for default
judgment).

Rava asks us to render a default judgment in its favor on
appeal.  While this court properly may reverse the trial court=s denial of
default judgment, it is beyond our authority to determine damages and to render
judgment on disputed facts.  See Aguilar, 154 S.W.3d at 835.  The record
contains conflicting calculations of attorney=s fees.  Any
conflict regarding damages must be resolved in the trial court.  See
Tex. R. Civ. P. 241, 243; see also Aguilar, 154 S.W.3d at 835 & n.5.

We sustain Rava=s issue regarding
denial of its request for a no-answer default judgment.

 








Conclusion

The trial court=s order of
dismissal for want of prosecution is reversed, and the cause is remanded for
further proceedings consistent with this opinion.

 

 

/s/        William J. Boyce

Justice

 

 

Judgment rendered and
Memorandum Opinion filed September 30, 2008.

Panel consists of
Justices Yates, Seymore and Boyce.