

NUMBER 13-12-00711-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

HERIBERTO DE LA GARZA D/B/A
LUDY'S ROPA USADA,                                    Appellant,

v.

DALIA RAMIREZ D/B/A LOS
BALDOS ROPA USADA, ET AL.,                            Appellees.

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Wittig
Memorandum Opinion by Justice Wittig[1]

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. See TEX. GOV'T CODE ANN. § 74.003 (West, Westlaw through 2013 3d C.S.)

Appellant, Heriberto de la Garza d/b/a Ludy's Ropa Usada, asks us in pertinent part to reverse the trial court's order dismissing his case for want of prosecution and denying his motion to reinstate. We affirm.

## I. BACKGROUND

Appellant appeals the dismissal of his claims for want of prosecution against appellees Dalia Ramirez d/b/a Los Baldos Ropa Usada, Lalo Ramirez d/b/a Los Baldos Ropa Usada, Maria Martinez d/b/a/ Los Baldos Ropa Usada, and the heirs of Juan Francisco Martinez. Marie Ludivina de la Garza d/b/a Ludy's Ropa Usada originally filed suit against appellees on June 6, 2005, based upon an alleged debt for the wholesale purchase of used clothing. She was soon dropped as plaintiff and replaced by appellant later that year. The original petition claimed a default in payments beginning on January 14, 2003.[2] During his 2010 deposition, appellant stated he did not own the claim individually and that the claim was the property of H & L Southern Border Rags, Inc. ("H & L"), which was formed by appellant and his wife in 2008.

Appellee Maria Martinez filed for summary judgment based upon the statute of limitations. The trial court granted her motion for summary judgment. Martinez also filed a motion to dismiss based upon appellant's lack of standing to bring suit, and a similar motion was also subsequently filed by Dalia and Lalo Ramirez, (daughters of Juan Martinez). The trial court granted these motions. In addition, by their verified denial, appellees Dalia and Lalo Ramirez averred they were employees of, but not owners of, Los Baldos Ropa Usada.

---

[2] Appellant's third amended petition claimed the default began in July 2003, which in any event was more than four years before the attempted addition of H & L as a plaintiff or by assignment.

2

In 2011, appellant secured an assignment of claims from H & L and then later filed a motion for leave to substitute H & L for appellant. The trial court denied this motion. More than seven years and four months after the case was originally filed, the entire case was dismissed for want of prosecution on October 25, 2012, including for the first time, the dismissal of appellees' counterclaims.

In addition to issues pertaining to the trial court's dismissal of the case and denial of his motion to reinstate, appellant raises multiple issues concerning the amendment of his pleadings, the assignment of the H & L claim, the adequacy of summary judgment proof, the accrual date for his debt claim, tolling of limitations because of the death of an alleged obligor of the debt, application of the discovery rule, and misidentification of the debtor. These subsidiary issues are not necessary to the final disposition of this appeal, and accordingly are not addressed. *See* TEX. R. APP. P. 47.1.

## II. STANDARD OF REVIEW

We review a trial court's denial of a motion to reinstate for abuse of discretion. *Aguilar v. 21st Century Res., Inc.*, 349 S.W.3d 32, 35 (Tex. App.—El Paso, 2010, no pet.) citing *Polk v. Sw. Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991). If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal. *Shook v. Gilmore & Tatge Mfg. Co., Inc.,* 951 S.W.2d 294, 296 (Tex. App.—Waco 1997, pet. denied); *see Polk,* 165 S.W.3d at 96–97 (affirming denial of reinstatement when the plaintiff produced evidence

3

her trial counsel was absent from trial due to illness, but failed to produce evidence the case had been diligently prosecuted). The movant for reinstatement bears the burden to produce evidence supporting the motion. *See Calaway v. Gardner,* 525 S.W.2d 262, 264 (Tex. App.—Houston [14th Dist.] 1975, no writ) ("The failure of the plaintiff to offer proof of his grounds for reinstatement justified the court's denial of his motion . . . ."); *see also HRN, Inc. v. Shell Oil Co.,* 102 S.W.3d 205, 217 (Tex. App.—Houston [14th Dist.] 2003), *rev'd on other grounds,* 144 S.W.3d 429 (Tex. 2004) (affirming denial of reinstatement when movant alleged compliance with discovery orders but produced no evidence of compliance); *see also Keough v. Cyrus USA, Inc.*, 204 S.W.3d 1, 3—4 (Tex. App.—Houston [14th Dist.] 2006, no writ.)

We likewise review a trial court's decision to dismiss a case for want of prosecution under a clear abuse-of-discretion standard. *State v. Rotello,* 671 S.W.2d 507, 508–09 (Tex. 1984); *Fox v. Wardy,* 234 S.W.3d 30, 32 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.); *Dick Poe Motors, Inc., v. DaimlerChrysler Corp.,* 169 S.W.3d 478, 484 (Tex. App.—El Paso 2005, no pet.).

### III. DISCUSSION

Appellant argues that a court should grant a motion to reinstate if the failure of the party to appear was not intentional or the result of conscious indifference but the result of a mistake or accident or can otherwise be reasonably explained, citing TEX. R. CIV. P. 165a(3) and *Smith v. Babcock & Wilcox Const. Co.*, 913 S.W.2d 467, 468 (Tex. 1995). We note that in *Smith*, the attorney was in trial in another county. *See* 913 S.W.2d at 468.

4

To support a dismissal, the failure to appear must be without adequate justification. *Id.* If the party can show reasonable diligence in prosecuting the suit, the trial court should grant the motion to reinstate. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (stating that we review a dismissal for want of prosecution under a clear abuse of discretion standard and the central issue is whether the plaintiffs exercised reasonable diligence). According to appellant, a motion to reinstate essentially provides a dismissed plaintiff the opportunity to explain a failure to prosecute with due diligence and ask the trial court to reconsider its decision to dismiss. See *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 302 (Tex. App.—Houston [14th Dist.] 1992, no writ). We do not disagree with these general propositions.

Without a single citation to the record, appellant generally argues that the trial court erred in failing to grant appellant's motion to reinstate because his failure to appear at the hearing was not the result of conscious indifference but a result of mistake and accident. "Specifically, Ludy's Ropa Usada's counsel believed that, because the trial court had already granted a summary judgment and order of dismissal disposing of all claims, the trial court would not take any further action to dispose of the case." Again, there is no citation to the record, but our review of the appellate record indicates a somewhat different scenario including the salient fact that all claims had not been dismissed.

The only motion for summary judgment was filed on behalf of Maria Martinez. Similarly, the original motion to dismiss for lack of jurisdiction was by Maria Martinez. Subsequently, Dalia Ramirez and Lalo Ramirez also filed a motion to dismiss for lack of jurisdiction, but there was no motion filed by the heirs of Juan Francisco Martinez in the appellate record, although the order of dismissal on jurisdictional grounds included the

heirs. One of the appellees submits that no service was ever obtained on the heirs, but that information is not included in the appellate record. Furthermore, appellees had filed counterclaims on April 11 and 18, 2011, and those pending claims were not addressed in the trial court's order granting the summary judgment and dismissing certain claims on the jurisdictional basis. However, even assuming appellant's failure to appear was not intentional or due to conscious indifference, he must negate all possible grounds for dismissal where the order dismissing a case does not state the grounds on which it was granted. *See Shook,* 951 S.W.2d at 296; *see also Polk*, 165 S.W.3d at 96–97.

The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power. *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) (citing *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976); *Bevil v. Johnson*, 307 S.W.2d 85, 87 (Tex. 1957)). A trial court may dismiss under Rule 165a on "failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice," TEX. R. CIV. P. 165a(1), or when a case is "not disposed of within the time standards promulgated by the Supreme Court." *Id.* at R165a(2). In addition, the common law vests the trial court with the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980); *Williams*, 543 S.W.2d at 90.

The time standards for the disposition of civil cases provide that civil non-family jury cases in county or district court should be disposed of within eighteen months from the appearance date, and non-jury cases should be disposed of within twelve months. TEX. R. JUD. ADMIN. 6.1. Based on the record, the appearance date for this case would

6

have occurred in July 2005. The case was dismissed on October 25, 2012, some six years and several months beyond the time provided by the guidelines.

Appellant submitted no evidence of diligence in his motion to reinstate.[3] While appellant states he filed an affidavit of counsel with his motion to reinstate, the appellate record contains only a verification and no facts are contained therein. Similar to his appellate brief, appellant states his conclusion that his failure to appear was due to mistake because his counsel thought the entire case had been disposed of. He also alleges that the matter had been set for trial "at least two times" with several requests for docket control conferences. Nevertheless, appellant cites *Huntsman*, 830 S.W.2d at 302, arguing that the motion to reinstate provided him with the opportunity to explain a failure to prosecute with due diligence. While we agree with the axiom, appellant's motion fails to conform to his own stated standards.

It is not until five years after filing suit, in 2010 during appellant's deposition, that appellant admitted that he was not owner of the claim. H & L took over appellant's business in 2008 and was the true owner of the claim. Appellant then attempted an assignment from H & L to himself in 2011. But what enforceable claim, if any, did H & L have some seven years after the accrual of the debt? Thereafter, appellant unsuccessfully sought to have H & L substituted for himself as plaintiff based upon a "misnomer" of the plaintiff. We hold that these actions do not amount to due diligence. *See Polk*, 165 S.W.3d at 96–97.

---

[3] While Appellant submitted conclusory statements in his motion and appellate brief, such statements constitute no evidence to substantiate due diligence. *See Dolcefino v. Randolph*, 19 S.W.3d 906, 930—31, (Tex.App.—Houston [14th Dist.] 2000, pet. denied.).

7

In summary, appellant first sued the two daughters although they claimed to be employees only, then named their father who died in 2004, then their mother, and then the heirs of the father, via the estate, in 2008, apparently never perfecting service on the latter. As already noted, in an interlocutory order, the trial court dismissed the widow and the daughters on the grounds appellant did not own the claim. Again, we observe this does not demonstrate due diligence. *See Rizk v. Mayad*, 603 S.W.2d 773, 776 (Tex. 1980). Other than an unreferenced statement in his brief that there were two trial settings in over seven plus years, the record before us and appellant's own pleadings and brief show little or nothing that supports his assertion that he exercised due diligence to move his case to trial from the date it was filed in June 2005 to the date it was dismissed on October 25, 2012.[4] See *id.* Accordingly, the trial court did not abuse its discretion by either dismissing the case for want of prosecution or refusing to reinstate the matter.

### IV. CONCLUSION

The judgment of the trial court is affirmed.

DON WITTIG
Assigned Justice

Delivered and filed, the
7th day of May, 2015.

---

[4] In particular, appellant failed to show use of due diligence in naming the proper claimant and in ascertaining a proper obligor of the debt.

8