**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00195-CV**
_____

**VICTORIA SALAZAR, INDIVIDUALLY AND A/N/F OF C.C., Appellant**

**v.**

**ZAHIR SADRUDIN POONAWALA, Appellee**

_____

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-09-11879-CV**
_____

**MEMORANDUM OPINION**

On appeal, Victoria Salazar, individually and as next friend of C.C. a minor, challenges the trial court's dismissal of her lawsuit against Zahir Sadrudin Poonawala arising from a car accident in 2018.[1] We affirm the trial court's judgment

---

[1] The trial court granted Partial Summary Judgment in favor of a co-defendant, Sadiya Hakim Jamal, before the parties went to trial. Salazar gave notice of appeal only as to the dismissal of the claims against Poonawala. Jamal is not a party to the appeal, and we include limited details about him only as necessary to explain the facts.

1

that Salazar, Individually and as next friend of C.C., take nothing against Sadiya Hakim Jamal, but we reverse the trial court's judgment dismissing the suit against Poonawala and remand the case to the trial court for a trial on the merits.

## Background

In August 2018, Salazar and her minor child were involved in an accident with Poonawala. At the time of the accident, Poonawala was driving a vehicle owned by Jamal. In September 2020, Salazar originally filed suit against Poonawala in Harris County, but after a Motion to Transfer was filed by Poonawala, the case was transferred to Montgomery County. Once the suit was transferred to Montgomery County, the trial court issued a Docket Control Order ("DCO") and set trial for June 14, 2021. Of significance on appeal, the trial court ordered all parties seeking affirmative relief to designate their expert witnesses "**150 DAYS BEFORE TRIAL[,]**" and stated that "**Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of an exception under Rule 193.6**." In June 2021, the trial court dismissed the plaintiffs' suit because the "Parties failed to timely file the required Joint Notice Filing[,]" required by the DCO. Subsequently, Salazar moved to Reinstate, admitting error, contending counsel's error was "without intention or indifference[,]" citing to the COVID-19 pandemic. The trial court reinstated Salazar's suit. After the case was reinstated, a new DCO was issued by the trial court with a new trial date of March 14, 2022. The new DCO

2

reiterated the prior DCO's expert witness designation, requiring all parties seeking affirmative relief to designate expert witnesses "**150 DAYS BEFORE TRIAL**[,]" and stated that "**Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of an exception under Rule 193.6**."

The parties went to trial before a jury on March 14, 2022, with both Poonawala and Salazar testifying the first day of trial. At the end of day one, the trial court dismissed the jury for the day before Salazar's expert witness was to testify the next day. Poonawala objected to testimony by Salazar's expert witness, stating that Salazar did not file a designation of experts 150 days before trial as required by the DCO. Poonawala also argued that regardless of the time Salazar filed her expert designation, the expert witness set to testify the next day was not disclosed. Salazar's trial counsel contended that the witness was disclosed and requested time to research the issue. The trial court agreed to a short recess and permitted Salazar's trial counsel to research the issue that afternoon. After the recess, the parties announced that they had reached a settlement. The settlement was not read into the record. The court reset the case for three weeks for entry, parties agreeing to nonsuit the suit.

On March 15th, the trial court sent both parties notice that the entry of judgment was set for March 31, 2022, by submission. On March 30th, Salazar moved to Retain and filed a Status Report. Salazar listed the following as reasons to reinstate the suit:

3

1. Drs. Vidal and Beyer were disclosed to defense counsel pursuant to Tex. R. Civ. P. 194.2(f) on January 15, 2021, or more than a year before trial;

2. Defense counsel actually cross-designated these expert witnesses approximately one year before trial, thus any claim of surprise or prejudice is without merit;

3. The trial court's docket control order with respect to testifying experts cannot be enforced because it conflicts with the Texas Rules of Civil Procedure with respect to those experts.

4. any alleged Settlement Agreement is vitiated by a misrepresentation which was known or should have been known, and is otherwise unenforceable.

The trial court signed an order resetting the case for entry with the following instructions. "It is: ORDERED that this case is set for entry on April 8, 2022 at 9:00 a.m. by submission. IT IS FURTHER ORDERED THAT FAILURE TO FILE A DISPOSITIVE DOCUMENT BY 9:00 A.M. ON APRIL 8, 2022 WILL RESULT IN THE CASE BEING DISMISSED FOR WANT OF PROSECUTION." The trial court's Order also states "that Plaintiff's remedy for its complaints about this Court enforcing its Order is to take that issue to the Court of Appeals at the conclusion of the case."

On April 8th, Salazar filed a Motion for Extension of Time to Effectuate Settlement and for Appointment of Ad Litem. In the motion, Salazar asked for additional time to complete the settlement and for a guardian ad litem to be appointed for the minor child. Four days later, Poonawala moved to Dismiss for Want of

4

Prosecution, stating the parties had reached a settlement, accusing Salazar of "buyers['] remorse" and alleging that Salazar " has subsequently filed a motion with the court to delay entry on this case over issues with the settlement[,]" and stating Salazar "does not want an ad litem appointed." On April 13th, the trial court signed an Order of Dismissal for Want of Prosecution as to Salazar's and C.C.'s claims against Poonawala.

On May 13th, Salazar filed a Motion to Reinstate. In that motion, Salazar argues the trial court erred by dismissing the case, because the trial court was on notice that a settlement in this case was not reached by the deadline and "a failed attempt at settlement, or withdrawal of consent to settle a case, will not support dismissal for want of prosecution." Following a hearing on the Motion to Reinstate, the trial court denied Salazar's motion and Salazar timely filed this appeal.

## Issue One

In her sole issue on appeal, Salazar argues that the trial court erred when it denied her Motion to Reinstate following Dismissal for Want of Prosecution. Specifically, Salazar argues that the trial court abused its discretion because it lost the power to dismiss for want of prosecution once it was informed there was no settlement agreement between the parties.

**Standard of Review**

We review a trial court's dismissal for want of prosecution and its ruling on a motion to reinstate for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (abuse of discretion standard of review on a dismissal for want of prosecution); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (abuse of discretion review of a denial of motion to reinstate). "A trial court abuses its discretion when it acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner." *In re Kappmeyer,* 668 S.W.3d 651, 655 (Tex. 2023) (orig. proceeding).

**Analysis**

A trial court's power to dismiss a case for want of prosecution may be based on Texas Rule of Civil Procedure 165a or on the trial court's inherent power. Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip*., 994 S.W.2d 628, 630-31 (Tex. 1999) (discussing a trial court's power to dismiss a case for want of prosecution). The same reinstatement procedures and timetables apply to all dismissals for want of prosecution. *See* Tex. R. Civ. P. 165a(4). [2]

---

[2] The motion to reinstate was timely filed, verified, and sets forth the grounds on which it is based. *See* Tex. R. Civ. P. 165a(3). *Cf. Watson v. Clark*, No. 14-14-00031-CV, 2015 Tex. App. LEXIS 1707, at **5-6 (Tex. App.—Houston [14th Dist.] Feb. 24, 2015, no pet.) (mem. op.). None of these requirements were challenged by Poonawala.

During a jury trial, the parties told the trial court they had reached a settlement. The trial court dismissed the jury and instructed the parties the next day to file certain case-dispositive documents with the trial court by March 31, 2022, at 9:00 a.m. Thereafter, before a rendition of judgment and prior to the deadline set by the trial court, Salazar notified the trial court the parties could not agree on the amount of the settlement or the necessity for the appointment of an ad litem for the minor plaintiff. The trial court extended the deadline for dispositive documents but later dismissed the case for a want of prosecution. "A party has the right to revoke his consent at any time before the rendition of judgment." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). Absent a Rule 11 agreement, "consent must exist at the time an agreed judgment is rendered."[3] *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995). A judgment rendered after one of the parties revokes its consent is void. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (citing *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982)); *see also Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951) (court cannot render a valid consent judgment unless, at the time of rendition, all parties consent to the agreement underlying the judgment).

---

[3] Both sides agree that there was not a Rule 11 agreement in this case. We also note that our review of the trial court's docket control order does not show there are any requirements, prohibitions, or deadlines applicable to announcements about a settlement or to the parties' Rule 11 agreements.

Salazar cites to a case from our sister court, in which the Fourteenth Court of Appeals reversed a trial court's denial of a Motion to Reinstate because one party revoked consent to the settlement agreement before the case was dismissed. See *Ellmossallamy v. Huntsman*, 830 S.W.2d 299, 300-02 (Tex. App.—Houston [14th Dist.] 1992, no writ.) Salazar contends "the 'specific and unusual circumstances'" found in *Ellmossallamy* apply here. We agree. In *Ellmossallamy*, the parties were in the process of preparing their case, and before trial, the parties announced that they had reached a settlement agreement. *Id*. at 300. The trial court accepted the settlement, without putting the settlement agreement on the record. *Id*. Several months later, the trial court placed the case on the dismissal docket, and the appellant moved to retain stating he had withdrawn his consent to the settlement. *Id*. The trial court dismissed the case, and the Court of Appeals reversed the trial court holding,

> [W]e find appellant had diligently pursued all discovery, complied with all appellee's requests, and was ready to proceed to trial…but for the misunderstood settlement agreement. Nothing happened between the settlement announced in February and the dismissal notice to indicate that appellant was not still ready for trial.

> We recognize the problems of the trial court in its endeavors to get cases to trial, but appellant made a diligent, if not perfect, attempt to get to trial once he realized the total damages amount in the proposed settlement agreement included all his medical expenses. Besides, this matter could have been resolved at the time of the settlement announcement had the trial court simply required the presence of *both* attorneys to dictate the settlement terms into the record and rendered judgment thereon. He did not do so, and this unfortunate delay resulted.

8

> Under the specific and unusual circumstances of this case where prior discovery was diligent and apparently complete, we conclude that appellant deserves his day in court. We find that an abuse of discretion is shown. Accordingly, we reverse and remand the cause to the trial court for a trial on its merits.

*Id.* at 302.

We face a similar situation here. On March 14th, the parties were prepared and entering their second day of trial when the trial court granted a short recess for Salazar to verify her expert disclosures complied with the trial court's DCO. In the interim, the parties announced they had reached a settlement agreement. The trial court did not require the parties to dictate the terms of the settlement on the record, and instead merely reset the matter for entry of judgment to March 31st. On March 30th, Salazar then filed a Motion to Retain and Status Report, stating the settlement agreement was "vitiated by a misrepresentation which was known or should have been known," regarding their designation of expert witnesses. The trial court then reset entry to April 8th, and Salazar again filed a Motion to Extend, contending she needed more time to reach a settlement agreement, including the need for a guardian ad litem to be appointed for the minor child. Four days later Poonawala moved to dismiss, alleging Salazar had buyers' remorse and is attempting to delay entry on the case because of issues concerning the settlement. The next day, the trial court dismissed the case for want of prosecution.

A trial court has broad discretion to control its docket. Tex. R. Civ. P. 165a; *Villarreal*, 994 S.W.2d at 630; *Ringer v. Kimball*, 274 S.W.3d 865, 867 (Tex. App.—Fort Worth 2008, no pet.) ("A trial court may dismiss under its inherent power when a plaintiff fails to prosecute his or her case with due diligence."). To avoid a dismissal based on a claim of lack of diligence, Salazar was required to demonstrate to the trial court that she had exercised reasonable diligence in prosecuting her suit. *See MacGregor*, 941 S.W.2d at 75-76. Relevant considerations include the length of time the case was on file, the extent of activity in the case, whether trial settings were requested, and the existence of reasonable excuses for the delay. *King v. Holland*, 884 S.W.2d 231, 237 (Tex. App.—Corpus Christi 1994, writ denied). We note that settlement activity does not excuse failure to prosecute diligently. *Tex. Soc'y, Daughters of the Am. Revolution, Inc. v. Estate of Hubbard*, 768 S.W.2d 858, 860 (Tex. App.—Texarkana 1989, no pet.). But the Appellant's activities in this case do not demonstrate a lack of diligence in prosecution of the case. Here, the parties were in the middle of trial when a settlement was announced. The timeline between the parties' settlement announcement and the trial court's dismissal was one month. In that month, Salazar filed two motions and stated to the trial court she needed more time to reach a settlement, and the attorney provided emails to the trial court showing a disagreement between counsel regarding the amount to be paid in the settlement and the need for a guardian ad litem. Once the trial court was on notice, in the one

10

month after the recess and before entry of the dismissal judgment, that the parties had failed to reach settlement due to a disagreement on the amount to be paid in the settlement and on whether they needed a guardian ad litem for the minor child, the Plaintiffs sufficiently explained the settlement could not be finalized. Accordingly, the Plaintiffs are entitled to have the matter placed back on the jury docket and reset for a jury trial. *See Quintero*, 654 S.W.2d at 444; *King*, 884 S.W.2d at 237. As explained by our sister court, the 14th Court of Appeals in *Ellmossallam*y, "[u]nder the specific and unusual circumstances of this case where prior discovery was diligent and apparently complete, we conclude that appellant deserves his day in court." 830 S.W.2d at 302; *see also Quintero,* 654 S.W.2d at 444.

Under rule 165(a)3, "A trial court must reinstate a case upon the proper filing of a motion if it finds after a hearing that the failure of the party or his attorney to appear at trial was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.) (citing Tex. R. Civ. P. 165a(3)); *Smith*, 913 S.W.2d at 468. "Rule 165a(3)'s reinstatement provision applies to all dismissals for want of prosecution, including those made under the trial court's inherent power." *Beames v. Hooks*, No. 01-14-00103-CV, 2015 Tex. App. LEXIS 226, *9 (Tex. App.—Houston [1st Dist.] Jan. 13, 2015, no pet.) (mem. op.). Here, Salazar filed motions notifying the trial

11

court of the status of her settlement agreements and reasons for an extension to enter judgment, including disagreement on the amount of settlement and a possible need for a guardian ad litem for the minor child. These explanations are reasonable. *Smith*, 913 S.W.3d at 468 ("Proof of such justification -- accident, mistake or other reasonable explanation -- negates the intent or conscious indifference for which reinstatement can be denied."). Salazar's counsel provided a reasonable explanation that negates intent or conscious indifference on her part.

As such, we hold that Salazar is entitled to her day in court and the trial court abused its discretion when it refused to grant her Motion to Reinstate after dismissing her suit for Want of Prosecution. We sustain her single issue on appeal.

## Conclusion

Having sustained Salazar's sole issue, we affirm the trial court's judgment that Salazar, Individually and as next friend of C.C., take nothing against Sadiya Hakim Jamal, but we reverse the trial court's judgment dismissing the suit against Zahir Sadrudin Poonawala and remand the case to the trial court for a trial on the merits.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

JAY WRIGHT
Justice

Submitted on March 4, 2024
Opinion Delivered June 27, 2024

Before Horton, Johnson and Wright, JJ.